## Case No. 7,016.

### The INDEPENDENT.

[9 Ben. 489.] [1]

District Court, S. D. New York. May, 1878.

Beebe, Wilcox & Hobbs, for libellant.
M. M. Budlong, for claimant.

CHOATE, District Judge. Appeal from clerk's taxation of the costs of the marshal. The suit was a possessory suit, and under the mandate issued on the filing of the libel the marshal attached the vessel and put a keeper in charge, December 3, 1877. At the time of the issuing of the process the libellant's proctor gave notice to the marshal not to place a keeper in charge. After return of process, appearance, claim, and answer, and after trial, the libel has been dismissed with costs. In taxing the costs of the marshal, the clerk has allowed his disbursements for keeper's fees. The libellant appeals.

The process which the libellant sued out directs the marshal "to attach the said canal boat, etc. and to detain the same in your custody until the further .order of the court respecting the same." I think that a mere notice from the libellant not to put a keeper on board cannot excuse the marshal from the duty of custody imposed upon him by the mandate. The meaning of the notice is, that so far ·as the libellant is concerned, the marshal is excused from holding the vessel for his benefit, and the effect of it would be that if the vessel should escape, in consequence of there being no keeper on her, the libellant could not hold the marshal responsible to ·him. But neither the direction in the mandate nor the purpose of it is to hold the vessel merely for the benefit of the libellant and to protect his interest. The theory on which the mandate is based is that the marshal is to dispossess the party in possession of the vessel, and to hold possession of it to await the further order. of the court, and after this mandate has been .issued and is executed by the seizure of the ship, not only those before in possession, but any other parties having an interest and summoned to appear may well rely upon the terms of the mandate, and upon the fact of the marshal's possession, and its continuance till the court shall otherwise order, and all parties may act upon the belief that the marshal will hold the possession of the vessel. Perhaps the master. or owners seldom actually leave the ship in the sole possession of the marshal, but they may do so, and in such case they might suffer injury or the loss of the ship from the withdrawal of the marshal.

For these reasons I think it is clear that a libellant desiring to be relieved of the expense of a keeper, should, instead of relying on a notice to the marshal, apply to the court, and perhaps, on notice to the parties who might be prejudiced, the court may permit or direct the withdrawal of the keeper.

Taxation affirmed.